UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAVEN GRIFFIN,

        Plaintiff,

v.                                 Case No. 19-cv-1070-pp

EDUARDO GARCIA,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 12), DISMISSING COMPLAINT WITHOUT PREJUDICE AND ALLOWING PLAINTIFF TO FILE AMENDED COMPLAINT**

        On July 25, 2019, the plaintiff—representing herself—filed a complaint alleging, among other things, false arrest and false imprisonment claims arising out of a July 2016 arrest by the Milwaukee Police Department. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed only on her false arrest and false imprisonment claims against police officer Eduardo Garcia. Dkt. No. 6 at 27. On April 26, 2024, the defendant filed a motion to dismiss the complaint. Dkt. No. 12. The court will grant the motion and allow the plaintiff to file an amended complaint.

**I.    The Complaint**

        As described in the court's screening order, this is one of five cases the plaintiff filed in this district relating to her July 7, 2016 arrest and subsequent prosecution for robbery. Dkt. No. 6 at 1–2 (describing plaintiff's prior cases).

1

The complaint alleges that on July 7, 2016, the plaintiff called 911 due to her landlord's parents allegedly trespassing by entering her home and refusing to leave. Dkt. No. 1 at 2. The plaintiff alleges that they were attempting to evict her. Id. She alleges that after they attacked her, she drove to the police station to report the incident. Id. at 2–3.

The plaintiff alleges that when she arrived at the police station, the desk sergeant, Officer Cook, told her that the defendant instructed him to place the plaintiff under arrest. Id. at 3. The plaintiff alleges that she objected but that Cook detained her in the police station and handcuffed her to a hard bench. Id. The plaintiff, who was pregnant at the time, says she told Cook that she needed medical attention. Id. The plaintiff alleges that Cook told her that she needed to wait for the defendant. Id.

When the defendant and another officer, Officer Muller, arrived, the plaintiff alleges that "he" told her she was being charged with battery, robbery and disorderly conduct. Id. at 3–4. The plaintiff alleges that "he" then told her that "the daughter had ties within the police department." Id. at 4. The plaintiff does not identify whether the defendant or Muller made these statements. The plaintiff alleges that "[a]fter 30 to 45 minutes of insulting me," "he" took the plaintiff to the hospital, where she was handcuffed to the bed. Id. Again, the plaintiff does not state *who* took her to the hospital. The plaintiff alleges that she suffered a miscarriage in the hospital. Id. The plaintiff alleges that afterward, she was taken to the Milwaukee County Jail, where she was jailed

2

Case 2:19-cv-01070-PP   Filed 05/08/25   Page 2 of 10   Document 21

for four days. Id. She alleges that all the charges were dropped on July 12, 2016, except that she was later re-charged with one count of robbery. Id.

The court dismissed all claims and defendants except the plaintiff's claims for false arrest and false imprisonment against Garcia. Dkt. No. 6. The court construed the complaint as alleging these claims under 42 U.S.C. §1983. Id. at 9, 11. The court limited the plaintiff's false imprisonment claim to the allegations that the defendant held her at the police station and at the hospital, but the court did not allow the plaintiff to proceed with a false imprisonment claim arising out of her four days in jail because the complaint did not allege that the defendant took her to the jail or ordered her to be held there. Id. at 11–12.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion that the complaint fails to state a claim upon which a federal court can grant relief. "A Rule 12(b)(6) motion tests 'the legal sufficiency of the complaint,' as measured against the standards of Rule 8(a)." Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015)). A complaint need not include detailed factual allegations, but it must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing

3

Twombly, 550 U.S. at 556). In ruling on a Rule 12(b)(6) motion, the court takes "all the factual allegations in the complaint as true," Ashcroft v. Iqbal, 556 U.S. 662 (2009), and draws all reasonable inferences in the plaintiff's favor, Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016).

### III. Motion to Dismiss

The defendant filed a motion to dismiss the complaint, arguing that it fails to state a claim upon which relief can be granted, that the defendant had probable cause to arrest the plaintiff and that the defendant is entitled to qualified immunity. Dkt. No. 12.

#### A. Parties' Arguments

The defendant argues that the plaintiff failed to provide enough facts to state a claim that the defendant violated her constitutional rights. Id. at 2. He argues that the complaint is unclear as to which of the three officers who were present threatened the plaintiff with charges, insulted her and took her to receive medical attention. Id. at 4. The defendant argues that because it is not clear whether *the defendant* is the one that made those statements, the complaint is too vague to state a claim. Id.

The defendant contends that even if the court does not dismiss the complaint for vagueness, it should dismiss the complaint because the defendant had probable cause to arrest the plaintiff. Id. at 4. The defendant asserts that probable cause is "an absolute defense to any claim against police officers for false imprisonment and wrongful arrest." Id. at 5 (citing Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006)). The defendant attached to

4

his motion the police report related to this incident, which the defendant asserts the court can consider on a motion to dismiss because it is referred to in the plaintiff's complaint and is central to her claim. Id. at 6 (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)). The defendant argues that the report is "central" to the claim because it is "critical" to determining whether the defendant had probable cause at the time of the plaintiff's arrest. Id.

The defendant says that after the plaintiff reported the July 7, 2016 trespassing incident to the police department by phone, police officers—including the defendant—responded to the plaintiff's residence. Id. at 7. The plaintiff was not present, because she had driven to the police station to report the incident in person. Id. The defendant states that according to the police report, the plaintiff's landlord's parents, Carl and Shirley Ferguson, told police that the incident began with a disagreement over a security deposit and "escalated to a violent struggle" resulting in visible injuries to the Fergusons and the theft of their iPad by the plaintiff. Id. The defendant states that Cook communicated with the defendant when the plaintiff arrived at the police station. Id. The defendant argues that based on what he had observed at the scene, he determined that he had probable cause to arrest the plaintiff. Id. The defendant argues that he had no duty to believe the plaintiff's alternative version of events or to seek out potentially exculpatory information. Id. at 8. He maintains that because he had probable cause to arrest the plaintiff, her claims must fail. Id.

5

Turning to the issue of qualified immunity, the defendant argues that he is entitled to qualified immunity if he did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 8–9 (quoting Mullenix v. Luna, 577 U.S. 7, 11 (2015)). The defendant argues that the court may first determine the issue of whether the right at issue was "clearly established" before turning to the merits of the plaintiff's claim. Id. at 9–10. The defendant argues that in making this determination, the court should consider only the facts that were knowable by the defendant officer at the time of his actions. Id. at 10 (citing White v. Pauly, 580 U.S. 73, 77 (2017)). The defendant contends that based on the facts known to him at the time, he did not violate clearly established law by "conducting an investigation, determining that probable cause existed and arresting and imprisoning Plaintiff as a result of that investigation." Id. at 11. He argues that he is entitled to qualified immunity for all claims against him. Id.

The plaintiff responds that her complaint clearly alleges the facts of the incident and that she was illegally arrested and charged with felonies after trying to make a police report. Dkt. No. 17 at 2. The plaintiff argues that she acted lawfully under the totality of the circumstances and that the defendant's actions in arresting her were unreasonable. Id. at 3. The plaintiff asserts that a landlord cannot consent to a warrantless search of a tenant's property because a tenant has a legitimate expectation of privacy in her rented space that a landlord cannot override. Id. (citing Chapman v. United States, 365 U.S. 610 (1961)). The plaintiff argues that in this context, an unreasonable seizure

6

would establish liability under §1983. Id. at 3–4. The plaintiff asserts that Chapman shows the defendant violated her clearly established right to be free of unconstitutional seizures. Id. at 4–5.

The defendant replies that the plaintiff has not provided any clarity on her use of pronouns and instead focuses on the incident at her residence prior to her arrest and imprisonment. Dkt. No. 18 at 2. The defendant insists that the complaint as drafted does not provide enough information for the defendant to properly respond or defend against the plaintiff's allegations. Id. The defendant argues that the complaint does not allege an unreasonable seizure and is not equivalent to a false arrest or false imprisonment claim. Id. at 3. He contends that the plaintiff did not sufficiently respond to his arguments regarding probable cause. Id. The defendant argues that unreasonable searches and seizures are not at issue in this case, so Chapman is irrelevant to the qualified immunity analysis. Id. He asserts that the plaintiff has not provided any clearly established law showing that the defendant was required to conduct further investigation for exculpatory evidence after determining there was probable cause to arrest the plaintiff. Id. 3–4.

B. Analysis

To state a claim under §1983, the plaintiff must allege that the defendant "personally participated in or caused the unconstitutional actions." Alejo v. Heller, 328 F.3d 930, 936 (7th Cir. 2003) (citing Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981)). The plaintiff's complaint does not allege such information. The plaintiff does not allege what any specific person did to violate

7

her rights. The complaint alleges that an unidentified "he" charged the plaintiff with battery, robbery and disorderly conduct and that "he" took her to the hospital and handcuffed her to the bed. Dkt. No. 1 at 3–4. The defendant and one (possibly two) other officers were present at some point: Muller and Cook. Because the complaint does not clearly allege that the defendant personally participated in or caused the plaintiff to be falsely arrested or imprisoned, the complaint fails to state a claim under §1983. The court will grant the defendant's motion to dismiss the complaint.

Because the court finds that the complaint fails to state a claim, it need not address the defendant's probable cause and qualified immunity arguments.

## IV. Leave to Amend

The court is dismissing the plaintiff's complaint, but it will do so "without prejudice." That means that the plaintiff may, if she chooses to, file an amended complaint by the deadline the court will set below. If the plaintiff decides to file an amended complaint, there are things she should keep in mind. First, an amended complaint takes the place of, or "supersedes," the original complaint. Flanner v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004). That means that the plaintiff must include in the amended complaint all the facts supporting her claims; she cannot simply tell the court to go back and look at what she alleged in her original complaint. The court will send a blank amended complaint form with this order. The plaintiff must use this form in preparing her amended complaint. She must put the case number for this case—Case No. 19-cv-1070—in the space provided for a

8

case number. She must list only Officer Garcia as the defendant in the caption. The plaintiff should use the spaces on pages 3 and 4 to recite the facts of her false arrest and false imprisonment claims only; if that is not enough space, she may use *up to three additional, double-spaced pages*. The plaintiff must clearly identify *by name* the person or persons who performed the actions she believes led to her false arrest and false imprisonment. Again, the amended complaint must be complete in itself. It may not refer the court back to allegations in the original complaint.

If the plaintiff elects to file an amended complaint, she must file it in time for the court to receive it by the deadline the court sets below. If the court does not receive an amended complaint by that deadline, the court will dismiss this case without further notice or hearing based on the plaintiff's failure to state a claim in her original complaint.

## V. Conclusion

The court **GRANTS** the defendant's motion to dismiss. Dkt. No. 12.

The court **ORDERS** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, she must file an amended complaint that complies with the instructions in this order in time for the court to *receive it* by the end of the day on **June 13, 2025**. If the court does not receive an amended complaint, or a motion asking for additional time to file one, by the end of the day on June 13, 2025, the court

9

will dismiss this case for failure to state a claim upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 8th day of May, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**