UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAVEN GRIFFIN,

        Plaintiff,

v.                                                           Case No. 19-cv-1070-pp

EDUARDO GARCIA,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 25)**

**I.    Background**

On July 25, 2019, the plaintiff—representing herself—filed a complaint alleging, among other things, false arrest and false imprisonment claims arising out of a July 2016 arrest by the Milwaukee Police Department. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on her false arrest and false imprisonment claims against police officer Eduardo Garcia. Dkt. No. 6. On April 26, 2024, the defendant filed a motion to dismiss the complaint. Dkt. No. 12. The court granted that motion and gave the plaintiff leave to amend the complaint. Dkt. No. 21.

On June 2, 2025, the court received from the plaintiff an amended complaint. Dkt. No. 22. The amended complaint alleges that after an altercation at her leased residence, the defendant detained her for an unreasonable amount of time and arrested her without probable cause in violation of the Fourth Amendment. Id. at 3–5. The plaintiff states that she is

1

bringing claims under 28 U.S.C. §1983 for "false arrest/false imprisonment by unlawful detention." Id. at 6. The defendant filed an answer to the amended complaint and affirmative defenses. Dkt. No. 23. The defendant stated that he "[l]acks information needed to admit or deny, and therefore denies" the majority of the factual allegations in the amended complaint. See id. The defendant asserts ten affirmative defenses, including failure to state a claim and qualified immunity. Id. at 6–7.

On June 24, 2025, the court received from the plaintiff a motion asking the court to strike the defendant's responsive pleading. Dkt. No. 25. The defendant opposes the motion. Dkt. No. 26.

**II. Motion to Strike**

    A.    Parties' Arguments

The plaintiff argues that the court should strike the defendant's answer and affirmative defenses because "they are improperly pleaded without a sworn affidavit by the defendant" and because "the defendant's attorney is testifying on behalf of the defendant by hearsay and no first hand knowledge." Dkt. No. 25 at 1. The plaintiff objects to the defendant's assertion that he "lacks information needed" to respond to her allegations. because the defendant was the arresting officer who performed the actions alleged in her complaint. Id. The plaintiff contends that the defendant violated her Fourth Amendment rights and is not entitled to qualified immunity because his actions violated clearly established statutory and constitutional law. Id. at 2. The plaintiff maintains that she was found not guilty at trial for the charges resulting from

2

her false arrest. Id. She objects to the defendant's affirmative defense that she was responsible for her own injuries, arguing that she did not injure herself, imprison herself or "willingly abandon her home." Id. The plaintiff argues that she had a right to stay in her leased home under State v. Watkins and "the stand your ground Wisconsin Castle Doctrine." Id. (citing State v. Watkins, 255 Wis. 2d 265 (2002)). The plaintiff argues that the defendant had no authority to arrest her or evict her from her home. Id. at 3. She asserts that the defendant acted contrary to the Milwaukee Police Department's "standard operating procedure manual" by arresting her without probable cause and denying her medical attention. Id.

The plaintiff contends that the defendant falsely denies that he withheld exculpatory evidence from her. Id. She states that she has transcripts from her felony hearing where "the defendant stated body cameras did not exist." Id. at 3–4. She argues that the Milwaukee Police Department requires that body cameras must be on for all investigations, implying that the defendant is withholding body camera footage of the events at issue in this case. Id. at 4. The plaintiff states that the court should strike the defendant's answer and she "moves for a trial by jury for false arrest, false imprisonment and punitive damages." Id.

The defendant responds that the court should deny the motion because it "includes numerous irrelevant arguments." Dkt. No. 26 at 1. He argues that there is no requirement that he submit an affidavit with his answer. Id. He says that the plaintiff is claiming that the affirmative defenses are not true, which is

3

an issue of law for the court to decide. Id. The defendant argues that the underlying state felony trial is irrelevant to the plaintiff's civil rights claims, as are the plaintiff's lease, the castle doctrine and the Milwaukee Police Department's standard operating procedures. Id. at 1–2.

B. Legal Standard

Under Federal Rule of Civil Procedure 12(f), a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored because they potentially serve only to delay the case. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). The court has "considerable discretion in striking any redundant, immaterial, impertinent or scandalous matter." Delta Consulting Grp., Inc. v. R. Randle Const., Inc., 554 F.3d 1133, 1141 (7th Cir. 2009) (citations omitted). Affirmative defenses should be stricken "only when they are insufficient on the face of the pleadings." Heller, 883 F.2d at 1294. A motion to strike should "not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991) (citation omitted).

C. Analysis

The plaintiff first argues that the defendant failed to submit a sworn affidavit in support of his answer and that the defendant's attorney is improperly "testifying on behalf of the defendant." Dkt. No. 25 at 1. Neither the Federal Rules of Civil Procedure nor this court's Local Rules require a party to

4

submit a sworn affidavit with any pleading. Federal Rule of Civil Procedure 11(a) states the opposite: "Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." Nor is the defendant's attorney "testifying" by drafting and filing an answer to the complaint on behalf of his client. The defendant is not required to represent himself. And unless a party is representing himself, that party *must* be represented by an attorney admitted to practice in this court. See General Local Rule 83(b) (E.D. Wis.) ("Unless appearing pro se . . . all parties to proceedings in this Court must appear by an attorney admitted to practice in this Court."). An attorney making filings on behalf of his client is not "testifying." The court will not strike the defendant's answer on either of these grounds.

The plaintiff argues that the defendant should have sufficient knowledge to admit the allegations in the complaint. The defendant admits that he was present after the plaintiff was detained, dkt. no. 23 at ¶15, but states that he lacks information to admit or deny the specific verbal exchanges the plaintiff alleges they had, see id. at ¶¶16–21. Federal Rule of Civil Procedure 8(b)(5) states that "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state." The events in the complaint occurred on or around July 7, 2016—nine years ago. It is possible that the defendant does not remember the exact words he said to the plaintiff nine years ago, in which case Fed. R. Civ. P. 8(b)(5) allows him to state that he lacks sufficient knowledge to admit or deny the allegation. The plaintiff may

5

test the defendant's recollection of these alleged facts during the discovery process. The defendant's denials are not "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The court will not strike the defendant's answer on this ground.

The plaintiff argues that the defendant's affirmative defenses should be stricken because she believes she will succeed on the merits of her claims. Some of the plaintiff's objections are based on legal arguments. Whether the defendant is entitled to qualified immunity is a legal question; the court will not strike the affirmative defense asserting qualified immunity solely because the plaintiff states that she believes that the defendant's conduct violated clearly established law. Similarly, whether the plaintiff has stated a claim for relief is a legal question. The plaintiff's other objections are premature because discovery has not yet begun. The question of who or what caused the plaintiff's injuries (and what injuries she did or did not suffer) cannot be decided until the factual record has been developed. The plaintiff argues that the defendant is withholding body camera evidence because the Milwaukee Police Department's alleged standard operating procedure is to record body camera footage of all investigations. But the factual record on this issue is not yet developed; the body camera footage in question may or may not exist (and the body camera policy may or may not have existed at the time of the events the plaintiff describes in her complaint). The court cannot determine that the defendant is withholding evidence based on the plaintiff's belief that he is doing so. At this stage, the court cannot say that there is no set of facts that could be presented

6

to support the defendant's affirmative defenses. The court will not strike any of the defendant's affirmative defenses.

Because the plaintiff has not established that the defendant's answer contains "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," the court will deny the plaintiff's motion to strike.

### III. Conclusion

The court **DENIES** the plaintiff's motion to strike. Dkt. No. 25.

Dated in Milwaukee, Wisconsin this 18th day of August, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**